IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JEREMY C. VAUGHN,

        Plaintiff,

                                                                     Case No. 25-cv-619-wmc

    v.

STATE OF WISCONSIN et al.,

        Defendants.
_____

        On August 1, 2025, I ordered plaintiff Jeremy C. Vaughn to pay $.29 toward the filing fee for this case. Now plaintiff asks to waive the initial partial payment, explaining that "though currently I receive $4.00 every two weeks through Dodge Correctional Institution, those funds are taken in whole to pay for my legal loan." Dkt. 8. Plaintiff continues: "I also have written to the Business Office concerning this and they have said in [a] statement that institutional cost gets taken out first. There's no way to stop/change that." In case number 25-cv-601-wmc, I granted a similar motion to waive plaintiff's initial partial payment, but in that case, plaintiff submitted a disbursement request that was denied by the business office with a note that said, "No funds." *See* 25-cv-601-wmc, dkt. 7-2. In this case, plaintiff has merely represented that institutional costs cannot be stopped. Regardless, his motion to waive the partial payment will be denied without prejudice for the following reasons:

        In 28 U.S.C. § 1915(b)(1), Congress established a formula to determine how much a prisoner seeking leave to proceed *in forma pauperis* must pay to file a new civil action or appeal in federal court. The statute says, "The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average

1

monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

The trust fund account statement that plaintiff submitted shows that he receives regular deposits into his account. He writes that prison officials take all his income to pay institutional costs, and that those deductions cannot be stopped, but plaintiff may well be able to make the initial partial payment from his *next* deposit, so I will give him additional time, until September 29, 2025, to make the payment. Plaintiff should present a copy of this order to prison officials to ensure that they understand that his obligation to pay a partial filing fee under § 1915(b)(1) comes *before* institutional costs. In *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), the court of appeals held that "[a] prisoner with periodic income has means even when he lacks assets." *Newlin* at 435. When a prisoner has means, but lacks assets, the initial partial filing fee should come "off the top of the next deposit of prison wages, followed by 20 percent of each succeeding month's income until [the filing fee] has been paid." *Id*. Similarly, Wisconsin DOC DAI Policy # 309.45.02 establishes that Federal PLRA Filing Fees are second only to account overdrafts in terms of the order in which deductions are to be taken from prisoners' account balances.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy C. Vaughn's motion to waive the initial partial filing fee of $.29 is DENIED without prejudice. Plaintiff may have until September 29, 2025, to make the payment as ordered. This payment is to be given priority over other institutional debts and obligations that plaintiff might owe.

2. If plaintiff fails to make the payment by September 29, 2025, or fails to show cause why he could not make the payment as ordered, then I will assume that plaintiff

wishes to withdraw this action voluntarily and the case will be dismissed without prejudice to refiling later.

Entered this 3rd day of September, 2025.

BY THE COURT:

　/s/_____
ANDREW R. WISEMAN
U.S. Magistrate Judge