IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JEREMY C. VAUGHN,

                Plaintiff,                        OPINION AND ORDER

    v.                                                    25-cv-619-wmc

STATE OF WISCONSIN, MARATHON COUNTY,
WAUSAU POLICE DEPARTMENT,
WAUSAU POLICE DEPARTMENT COMMUNITY
RESOURCE UNIT, OFFICER AARON KARLEN,
MARATHON COUNTY DEPARTMENT OF
COMMUNITY SUPERVISION (PROBATION
AND PAROLE), AGENT BETHANY,
AGENT BRENT W., and OFFICER CLAIRE,

                Defendants.
_____

Plaintiff Jeremy C. Vaughn, a state prisoner who is representing himself, has filed a complaint under 42 U.S.C. § 1983, against the State of Wisconsin, Marathon County, the City of Wausau Police Department, the Wausau Police Department Community Resource Unit, Officer Aaron Karlen, and the Marathon County Department of Community Supervision (Probation and Parole). (Dkt. #1.) Vaughn has also filed a motion to amend the caption of the case to include Agent Bethany, Agent Brent W., and Officer Claire as defendants. (Dkt. #6.) Because plaintiff is a prisoner and proceeds without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must

still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because plaintiff has failed to state a viable federal claim, the court will dismiss the complaint for the reasons explained below.

## ALLEGATIONS OF FACT[1]

Plaintiff Jeremy C. Vaughn is presently incarcerated at the Fox Lake Correctional Institution,[2] but he alleges that he was a resident of Marathon County, Wisconsin, when he was targeted by Officer Aaron Karlen with the Wausau Police Department Community Resource Unit. Specifically, Vaughn alleges that on November 8, 2024, he went to the "local BP gas station to get food and load [his] prepaid cash app card when for no reason [he] was swarmed by unmarked vehicles with tinted windows." Vaughn, who reportedly has a history of post-traumatic stress disorder ("PTSD"), was arrested by Officer Karlen as a result of the encounter. Officer Karlen justified the initial stop and arrest because plaintiff was on probation, but Vaughn claims he was stopped unlawfully because of his "illness of addiction."

Vaughn alleges further that on November 27, 2024,[3] he was at an acquaintance's house when officers with the Wausau Police Department Community Resource Unit

---

[1] Unless otherwise indicated, the facts in this section are taken from the plaintiff's original complaint. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[2] Wisconsin Department of Corrections, Offender Information, at: https://doc.wi.gov (last accessed Jan. 23, 2026).

[3] The complaint, which was filed on July 24, 2025, lists the arrest date as "November 27, 2025," but this appears to be a typographical error. (Dkt. #1, at 4.)

"engaged in carrying out a 'search warrant' on the residence[.]"  Vaughn claims that Officer Karlen then arrested him for a "probation and parole" violation.  Vaughn claims that the warrant was deficient because it did not identify him by name and the informant who provided details in support of the warrant was not credible.  Thereafter, Officer Karlen charged Vaughn with possession of methamphetamine, possession of drug paraphernalia, and two counts of felony bail jumping, all as repeat offenses.  Vaughn claims that all of the November 2024 charges were dismissed without prejudice on April 14, 2025.

Vaughn claims that Officer Karlen "lied" about the November 2024 charges, and that he was arrested without probable cause.  Vaughn also claims that Officer Karlen did not read him his *Miranda* warnings or allow him to tell his "side" of story.  Vaughn complains further that Officer Karlen's actions resulted in the revocation of Vaughn's probation in Marathon County Case Nos. 22CF588 and 24CF974, resulting in a six-year prison sentence.[4]  Vaughn acknowledges that he suffers from addiction, but claims that officers with the Wausau Police Department Community Resource Unit harassed him unfairly.  Vaughn contends that Officer Karlen and others with the Community Resource Unit are liable for defamation of character because his arrests were reported in the local paper.  He seeks money damages under 42 U.S.C. § 1983.

---

[4] Vaughn has provided records from his probation revocation in another case.  *See Vaughn v. State of Wisconsin, et al*, No. 25-cv-760-wmc (W.D. Wis.) (Dkt. #1-1, at 15, 25.)  According to these records, Vaughn's probation in Marathon County Case Nos. 22CF588 and 24CF974 was revoked after he violated the rules of his supervised release by exchanging methamphetamine for currency between November 13 and 27, 2024.

3

OPINION

Plaintiff has filed this suit under 42 U.S.C. § 1983, alleging that the defendants violated his rights. To state a claim for relief under § 1983, a plaintiff must allege that: (1) a "person" deprived him of a right secured by the Constitution or the laws of the United States; and (2) whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

As an initial matter, plaintiff cannot sue the State of Wisconsin because it is not a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) ("a state is not a 'person' subject to a damages action under § 1983").

Moreover, plaintiff does not state a claim against Marathon County because he does not allege that a constitutional violation was "caused by: (1) an official policy adopted and promulgated by [the county's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Plaintiff also may not proceed against the Wausau Police Department because he does not allege facts showing that it is "a legal entity separable from the county government which it serves." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *accord Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (affirming district court's dismissal of "Dane County Sheriff's Department" because it "[could not] be sued

4

under § 1983"). For the same reason, plaintiff may not proceed with claims against the Wausau Police Department Community Resource Unit or the Marathon County Department of Community Supervision.

Plaintiff claims that he was subjected to false arrest by Officer Karlen on November 8 and November 27, 2024, which resulted in the revocation of his probation. Plaintiff, who remains incarcerated as a result of his probation revocation, may not proceed with this claim. Specifically, plaintiff cannot bring a claim for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in a habeas corpus proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Seventh Circuit Court of Appeals has made clear that *Heck* bars § 1983 claims for damages challenging revocation of probation. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying *Heck* to fact, duration, and rules or conditions of probation and parole); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (success on claims challenging revocation "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit"); *see also Harris v. Pucker*, No. 20-cv-1058-bbc, 2021 WL 214654, at *1 (W.D. Wis. Jan. 21, 2021) (citing same). Because plaintiff has not alleged that he successfully obtained post-conviction relief by challenging the constitutionality of his revocation proceedings, *Heck* precludes him from pursuing damages for the circumstances surrounding his revocation proceedings or using this lawsuit to challenge or reverse the result of his revocation proceeding. The only federal proceeding available to obtain that form of relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218

5

F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.").

Plaintiff has also asserted a state-law defamation claim, although he has not identified a specific false statement about him that was communicated by any particular defendant. Because plaintiff has failed to state a federal claim, the court will relinquish supplemental jurisdiction over his state-law claim, which will be dismissed without prejudice as well. *See* 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefson*, 807 F.3d 239, 252 (7th Cir. 2015)(absent good grounds, the better practice is for a district court to relinquish supplemental jurisdiction over state claims once federal claims are dismissed).

While the court of appeals has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate because his allegations do not suggest that he can state a claim for relief in federal court. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy C. Vaughn is DENIED leave to proceed and this case is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a federal claim upon which relief may be granted.

2. The court declines supplemental jurisdiction over plaintiff's state-law claim,

which is also dismissed without prejudice to pursuing in state court.

3. All of plaintiff's motions are DENIED as moot.

4. The clerk of court is directed to close this case and enter judgment accordingly.

Entered this 29th day of January, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge